UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

YIMY SOTO,

Plaintiff,

-against-

THE CITY OF NEW ROCHELLE, POLICE OFFICER WEINERMAN, SHEILD NO. 9792, POLICE OFFICER ARIAS, SHIELD NO. 8951, POLICE OFFICER RIVERA, ALL INDIVIDUALLY AND AS POLICE OFFICERS, AND PATRICK J. CARROLL, AS POLICE COMMISSIONER OF NEW ROCHELLE, AND INDIVIDUALLY AND THE COUNTY OF WESTCHESTER

Defendants.
---------------------------------------------------------------X

ROBINSON

**VERIFIED COMPLAINT**

**INDEX NO.**

**07 CIV. 3726**

FILED
U.S. DISTRICT COURT
2007 MAY 11 A 9: 17
S.D. OF N.Y. W.P.

**JURISDICTION**

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution, and under the common law of the State of New York, against Police Officer, Weinerman and Police Officer Arias, individually and as police officers of the City of New Rochelle, the, Police Commissioner of the City of New Rochelle, Patrick J. Carroll as Commissioner and individually, and against the City of New Rochelle, and the County of Westchester. Jurisdiction is based upon 28 U.S.C. § 1331 and 1343, and on the pendent jurisdiction of this Court to entertain claims arising under state law, of the State of New York.

2. It is alleged that on May 7, 2006, the defendants, Police Officers Weinerman and Arias, hereinafter referred to as "Weinerman" and "Arias", acting in their capacities as police officers of the City of New Rochelle, and under the color of law, without provocation or just

cause struck the person of plaintiff, Yimy Soto hereinafter referred to as "Soto", violating his rights under the Fourth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution, and that these defendants assaulted and battered plaintiff, "Soto". It is further alleged that these violations and torts were committed as a result of policies and customs of the City of New Rochelle, and defendant, Patrick J. Carroll as Police Commissioner of the City of New Rochelle.

**PARTIES**

3. Plaintiff, "Soto", was at all material times a resident of the State of New York, and of full age.

4. Defendant, Weinerman, was at all times relevant to this complaint duly appointed and acting police officer of the police department of the City of New Rochelle, acting under color of the law, to wit, under color of the statues, ordinances, regulations, policies, customs and usages of the City of New Rochelle. Defendant Weinerman is sued in his individual capacity and as a police officer employed by the City of New Rochelle, and/or the County of Westchester.

5. Defendant, Arias, was at all times relevant to this complaint duly appointed and acting police officer of the police department of the City of New Rochelle, acting under color of the law, to wit, under color of the statues, ordinances, regulations, policies, customs and usages of the City of New Rochelle. Defendant Arias is sued in her individual capacity and as a police officer employed by the City of New Rochelle, and/or the County of Westchester.

6. That at all relevant times hereinafter set forth, defendant was the Police Commissioner of the City of New Rochelle, acting under the color of law, and in the scope of his employment with the City of New Rochelle, and/or Rochelle City Police Department. Defendant is sued in his individual capacity and as police commissioner employed by the City of New

Rochelle, and/or the County of Westchester.

7. The City of New Rochelle is a municipal corporation incorporated under the laws of the State of New York and the public employer of the said defendants, Police Officers Weinerman and Arias, as well as the Police Commissioner of the City of New Rochelle, Patrick Carroll.

8. The County of Westchester is a municipal corporation incorporated under the laws of the State of New York and the public employer of the said defendants, "Weinerman" and "Arias" and Patrick J. Carroll, Police Commissioner of the City of New Rochelle.

9. The Police Department of the City of New Rochelle is a department and/or agency and is operated, and controlled by the City of New Rochelle and/or County of Westchester.

10. The Notice of Claim was duly served on the defendant City of New Rochelle and the New Rochelle Police Department on July 14, 2006, and this action is commenced within a year and ninety days from the date of the occurrence.

**FACTUAL ALLEGATIONS**

11. On or about May 7, 2006, at approximately 1:15 a.m., the plaintiffs exited the premises known as El Dorado Bar at 573 Main Street, New Rochelle, N.Y.

12. Weinerman and Arias arrived in the course of their duties as police officers at said location.

13. Officer Weinerman punched Soto in the head and slammed his body onto the ground.

14. The officer handcuffed Soto behind his back, and slammed the plaintiff's head into the ground. One police officer placed knee on plaintiff's back, compressing his chest while he lay prone on the ground.

15. The aforementioned actions occurred in the presence of other police officers .

16. Not one officer intervened as the plaintiff was illegally arrested, and the victim of unnecessary and excessive force.

17. Plaintiff was physically dragged along the ground, struck against the patrol car, and placed under arrest and transported in a patrol car, without having committed any crime.

18. Plaintiff, was transported to the precinct then was transferred in handcuffs to a local hospital for treatment.

19. From the hospital he given a citation and released from said hospital.

20. Plaintiff was issued a desk appearance ticket.

21. The defendant Officers had no warrant for the arrest of the plaintiff, no probable cause for the arrest of the plaintiff, and no legal cause or excuse to seize the person of the plaintiff.

22. The amount of force used in effecting the arrest was excessive, and caused physical and emotional injury to the plaintiff.

23. As a direct and proximate result of the said acts of defendants, Weinerman and Arias, and the policies, customs, and practices of the City of New Rochelle and as Patrick J. Carroll, Police Commissioner of the City of New Rochelle, and the County of Westchester, the plaintiff suffered the following injuries:

   a. Violation of his constitutional rights under the Fourth, Sixth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of her person, and from cruel and inhuman treatment and due process of the law,

   b. Loss of his physical liberty; and

   c. Physical pain, and emotional trauma and suffering; and

  d. Humiliation, embarrassment, and degradation.

e. Monetary damages

24. The actions of the defendants violated the following clearly established and well settled federal constitutional rights of plaintiff, Yimy Soto:

a. Freedom from the unreasonable seizure of his person; and

b. Freedom from the use of excessive, unreasonable and unjustified force against his person; and

c. Right to due process of law.

d. freedom from cruel and inhuman treatment.

25. The plaintiff was caused to expend monies to defend himself from the false and perjures charges filed against him by the defendants

26. On , 2006 the plaintiff went to trial in criminal court, New Rochelle, on the aforementioned charges and was acquitted of all charges.

27. Officer Weinerman has harassed, threatened, intimidated and targeted plaintiff on prior occasions.

28. That plaintiffs seek punitive damages against all named defendants other than the municipality, the defendants City of New Rochelle and the County of Westchester.

**COUNT I - VIOLATION OF 42 U.SC. § 1983**

29. Plaintiff, repeats and realleges Paragraphs "1" through "28" which are incorporated herein by reference as though fully set forth below.

30. Plaintiff, claims damages for the injuries set forth above under 42 U.S.C. § 1983 and 42 U.S.C. § 1988 against defendant Officers Weinerman and Arias for violation of his constitutional rights as set forth above, by the above named officers acting under color of law.

**COUNT II - VIOLATION OF 42 U.S.C. § 1983**

**WRONGFUL ARREST, AND BATTERY**

31. Plaintiff, repeats, reiterates and realleges each and every allegation contained in paragraph marked "1" through "30" with the same force and effect as if more fully and at length set forth herein.

32. Defendants, Weinerman and Arias, acting in their capacity as a police officers, and present as part of their regular and official employment as a police officer for the defendant, the City of New Rochelle and/or New Rochelle Police Department, and/or County of Westchester, forcefully struck plaintiff, while he was lawfully on a public street and had committed no crime.

33. Although plaintiff was lawfully and properly thereat, the aforementioned police officers who, having the real and apparent ability to cause imminent harmful and offensive bodily contact and the power and authority to arrest and imprison the plaintiff, did so threaten these acts, did in fact beat him, and forcefully handcuffed and humiliated plaintiff, while having committed no crime.

34. The aforementioned conduct violated the plaintiff's right as set forth in the Constitutions of the United States and of the State of New York, and threatened plaintiff with arrest, the possible use of firearms, weapons and the use of physical force; in that they assaulted and battered the defendant, used excessive and unnecessary force to arrest imprison plaintiff without any conduct on the part of the plaintiff to so warrant to wit:

a. in that all of the actions of the defendants, their agents, servants and employees, were committed with the intention to cause bodily and mental injury to the plaintiff, Yimy Soto to arrest, restrain and imprison the plaintiff, without his consent; the plaintiff was at all times conscious of the arrest, and did not consent to the false arrest and imprisonment which was not otherwise privileged; and

b. the arrest and imprisonment were not justified by probable cause or other legal

privilege; defendants, their agents, servants and employees, acting under the color or statute, ordinances, regulations, customs and usages of the State, City of New Rochelle, County of Westchester, and under the authority of their office a police officers for said City, falsely arrested and imprisoned plaintiff, Yimy Soto; and

    c. In that the defendants, their agents, servants and employees caused an assault and battery upon Yimy Soto when in a hostile and/or offensive manner, they beat, dragged, hit, threatened, touched, and handcuffed plaintiff without his consent and with the intention of causing harmful and/or offensive contact to the plaintiff, all without warrant, probable cause or any lawful cause whatever; and

    d. that the force used to effectuate plaintiff's arrest was excessive, cruel and inhuman and beyond all bounds of decency ; and

    e. that the defendants, their agents, servants and employees permitted the use of policy and/or drafted policy that was violative of the constitutional rights of plaintiff, Yimy Soto, and, in that each and all of the acts of the defendants, their agents, servants and employees alleged herein were done not as individuals, but under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of New York, the City of New Rochelle and the County of Westchester, and under the authority of their office as police officers for said city and county; and

    f. that the defendants, their agents, servants and/or employees regularly used intimidation, and excessive and/or unnecessary force against the citizens of New Rochelle including plaintiff, and engaged in demeaning and humiliating behavior of said citizens, while acting under the authority of their office as police officers for said city and county.

    g. that the defendants targeted plaintiff and subject him to a pattern of harassment, unlawful slips and seizures, questioning arrest, and intimidation, based upon information and belief, plaintiff race and nationality.

  h. That the defendant maliciously prosecuted the plaintiff, who was innocent of all crimes alleged.

  35. Plaintiff, Yimy Soto did not commit any illegal act, either before or at the time he was falsely arrested and imprisoned, assaulted and battered, and deprived of his constitutional rights as set forth in the Constitution of the United States of New York.

  36. As a direct result of the illegal actions and conduct on the part of the defendants, their agents, servants and employees, plaintiff was assaulted and battered and seriously injured in mind and body.

  37. That at all times hereinafter mentioned, defendants Weinerman and Arias were employed in their respective capacity by the defendants The City of New Rochelle, and/or the New Rochelle Police Department, and/or The County of Westchester, and was acting under the color of his and her official capacity and their acts were performed under the color of the policies, statutes, ordinances, rules and regulations of the City of New Rochelle.

  38. That during all times hereinbefore and hereinafter mentioned, the defendants, Weinerman and Arias and each police officer present thereat, separately, and in concert, acted under color and pretense of law, to wit: under color of the statutes, ordinances, regulations, customs and usages of The City of New Rochelle and/or New Rochelle Police Department and the defendants here, separately and in concert, engaged in the illegal conduct here mentioned to the injury of plaintiff, and deprived plaintiff of the rights, privileges and immunities secured to him by the Fourth, Sixth, Eighth, and Fourteenth Amendments to the Constitution of the United States and the laws of the United States, and State of New York.

  39. The Police Officers of the defendant, The City of New Rochelle and its individual members who are agents, servants and employees of defendants, together with persons unknown to plaintiff, Yimy Soto, acting under color or law, have subjected plaintiff and/or the citizens of New Rochelle to a pattern of conduct consisting of illegal harassment, assault and battery, false

imprisonments, false arrests, punishment for freedom of speech, intimidation, and excessive use of force and did so to "Soto" at a time when he was acting lawfully and properly in the City of New Rochelle, County of Westchester and State of New York, in denial of the rights privileges and immunities guaranteed plaintiff and other citizens by the Constitution of the United States, and/or State of New York.

40. This systematic pattern of conduct consists of a large number of individual acts of violence, intimidation, excessive use of force, false arrest and false imprisonment, visited on plaintiff, and other citizens by members of the police department of defendant, The City of New Rochelle, acting in concert with persons unknown to plaintiff and under color of law, improper and unrelated to any activity in which police officers may appropriately and legally engage in the course of protecting persons or property or ensuring civil order.

41. The unlawful and illegal conduct of the defendants, their agents, servants and employees and each of them, deprived plaintiff, of the following rights, privileges and immunities secured to him by the Constitution of the United States and of the State of New York:

　　a. The right of plaintiff to be secure in his person, against unreasonable search and seizure under the Fourth and Fourteenth Amendments to the Constitution of the United States; and

　　b. The right of plaintiff not to be deprived of life, liberty or property without due process of law, and the right to the equal protection of the laws secured by the Fourteenth Amendment to the Constitution of the United States; and

　　c. The right to be free from cruel and unusual punishment; and

　　d. The right to be free from invasion of privacy; and

　　e. The right to due process of law

42. That by reason of the aforesaid violations, false arrest and false imprisonment, assault and battery, seizure of person and property, and malicious prosecution caused by the defendants,

their agents, servants and/or employees who conspired together to enter into a nefarious scheme to wrongfully deprive plaintiff, and compel him to abandon his rights and privileges as provided to him in the Constitution of the State of New York, and laws thereto, the defendants, their agents, servants and employees violated 42 U.S.C. §1983 in that the defendants, their agents, servants and/or employees acted as persons who under color of law, statute, ordinance, regulation, custom or usage of the City of New Rochelle, subjected or caused to be subjected, a citizen of the United States or other person within the jurisdiction, particularly the plaintiff, herein, to be deprived of his rights, privileges or immunities received by the Constitution and laws of the United States of America and of the State of New York; that plaintiff was subjected to great indignities and humiliation, and pain and distress of mind and body and was injured, and the acts of aforementioned were committed with the aim of injuring and damaging plaintiff.

43. That by reason of the aforesaid intentional assault and battery, the false arrest and false imprisonment, excessive use of force, malicious prosecution, and deprivation of plaintiff's rights and liberties as guaranteed by the aforementioned constitutional amendments, by the defendants, their agents, servants and/or employees, acting within the scope of their authority, and without any probable or reasonable cause, the plaintiff suffered bodily injury, mental duress and suffered conscious pain and suffering.

**COUNT III- VIOLATION OF 42 U.S.C. § 1983 MONELL CLAIM**

44. Plaintiff, repeats and realleges Paragraphs "1" through "43" which are incorporated herein by reference as though fully set forth below.

45. Prior to October 28, 2006 the City of New Rochelle , and/or asPatrick J. Carroll, Police Commissioner of the City of New Rochelle, developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in the City of New Rochelle, which caused the violation of plaintiff, Soto's rights.

46. It was the policy and/or custom of the City of New Rochelle to summarily strike

and/or arrest citizens absent probable cause to do so; to fail to apply for an arrest warrant; to engage in offensive or derogatory language and intimidation; to inadequately and improperly investigate citizen complaints of police misconduct; to suppress free speech, to fail to discipline or offer further training when said acts were committed; and acts of misconduct to suppress free speech, were instead tolerated by the City of New Rochelle.

47. It was the policy and custom of the City of New Rochelle to inadequately supervise, monitor, and train its police officers, including the defendant officers Weinerman and Arias, thereby failing to adequately discourage further constitutional violations on the part of its police officers. The City of New Rochelle, County of Westchester and The City of New Rochelle Police Department, did not require appropriate in service training or re-training of officers who were known to have engaged in police misconduct, or improper practices.

48. As a result of the above described policies and customs, police officers of The City of New Rochelle, including the defendant officers, Weinerman and Arias, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated to wit:

a. that the defendants, their agents, servants and employees failed to adequately and properly hire, train, supervise, discipline or in any other way control the behavior and performance of the named officers, their agents, servants and employees; that their hiring practices and exercise of police functions and their failure to enforce the laws of the State and City of New Rochelle is evidence of the reckless lack of cautious regard for the rights of the public including plaintiff; in that they exhibited a lack of that degree of due care which prudent and reasonable individuals would show in executing the duties of the defendants; and

b. the failure of the defendants, their agents, servants and employees to hire, train, supervise, discipline or in any other way control their employees including the named officers herein, in the exercise of their functions; in that their failure to enforce the laws of the State of

New York and City of New Rochelle was and is carried out willfully, wantonly, maliciously and with such reckless disregard for the consequences so as to display a conscious disregard for the dangers of harm and injury to the citizens of the State of New York and City of New Rochelle including plaintiff; and

c. due to the acts of the defendants, their agents, servants and employees herein, the failure of the City of New Rochelle to discipline and properly train and supervise and promote said officers and the continued employment of the officers, present a clear and present danger to the citizens of the City of New Rochelle and State of New York including plaintiff; and

d. although defendants knew or should have known of the fact that this pattern of conduct was carried out by their agents, servants and/or employees, the defendants The City of New Rochelle, and County of Westchester, have not taken any steps or made any efforts to halt this course of conduct, to make redress to the plaintiff, Yimy Soto, or other citizens injured thereby, or to take any disciplinary action whatever against any of their employees or agents.

49. The above described policies and customs demonstrated a deliberate indifference on the part of policymakers of the City of New Rochelle to the constitutional rights within the City of New Rochelle, and were the proximate cause of the violations of plaintiff's rights alleged herein.

50. Plaintiff, Yimy Soto, claims damages for the injuries set forth above under 42 U.S.C. § 1983 and 42 U.S.C. § 1988 against defendants as Police Officers and Individually, The City of New Rochelle as well as, Police Commissioner of the City of New Rochelle, Patrick J. Carroll as Commissioner and individually, for violation of his constitutional rights as set forth above, by the above named officers, Weinerman and Arias, acting under color of law.

**COUNT IV - VIOLATION OF 42 U.S.C. § 1983 SUPERVISORY LIABILITY**

51. Plaintiff, Yimy Soto, repeats, reiterates and realleges each and every allegation contained in paragraph marked "1" through "50"which are incorporated herein by reference as

though fully set forth below.

52. That the defendants, the City of New Rochelle, Patrick J. Carroll, as Police Commissioner of the City of New Rochelle and individually, were deliberately indifferent in hiring and/or retaining and/or supervising as and for its employees, including defendants Weinerman and Arias, in that said employee slacked the experience, deportment and ability to be employed by the defendants; in that the defendants failed to exercise due care and caution in its employment practices, and in particular, in hiring, retaining, supervising and promoting the aforementioned employees.

53. That the aforesaid occurrence, to wit: the false arrest and imprisonment, assault and battery, violation of civil rights, infliction of emotional distress and the resulting injuries to mind and body therefrom, were caused while Officers Weinerman and Arias acted within the scope of their employment, and under the direction of the City of New Rochelle and/or The County of Westchester, and was wholly and solely by reason of the gross negligence or deliberate indifference of the defendants, their agents, servants and/or employee without any negligence on the part of the plaintiff, Yimy Soto.

54. That by reason of the aforesaid, the plaintiff, Yimy Soto, was injured in mind and body, suffered conscious pain and physical injury.

55. Defendant City of New Rochelle, and The County of Westchester is responsible for said conduct of its agents, servants, and/or employees under the doctrine of respondent superior.

**COUNT V - PENDENT STATE CAUSE OF ACTION FOR ASSAULT AND BATTERY**

**BY Yimy Soto**

56. Plaintiff, Yimy Soto, repeats and realleges Paragraphs "1" through "55" which are incorporated herein by reference as though fully set forth below.

57. Defendants, Police Officers Weinerman and Arias assaulted and battered plaintiff,

Yimy soto, by and through their contact, seizure, search, and unconsented and offensive bodily contact with his person.

58. As a result of this assault and battery, plaintiff suffered damages as aforesaid.

59. Defendants The City of New Rochelle, and the County of Westchester are responsible for said conduct of its agents, servants, and/or employees under the doctrine of respondent superior

**COUNT VI - PENDENT STATE CAUSE OF ACTION**

**FOR FALSE ARREST AND IMPRISONMENT**

60. Plaintiff repeats and re-alleges Paragraphs "1" through "59" which are incorporated herein by reference as though fully set forth below.

61. Defendant, Police Officers Weinerman and Arias falsely arrested and imprisoned plaintiff, Yimy Soto.

62. That defendants had no probable cause to arrest, seize and imprison plaintiff Yimy Soto, absent a warrant and the plaintiff did not consent or contribute to his seizure, arrest, and imprisonment.

63. The plaintiff was wholly innocent of any crime.

64. As a result of this false arrest and illegal imprisonment, the plaintiff, Yimy Soto, suffered the damages aforesaid.

65. Defendants City of New Rochelle and the County of Westchester are responsible for said conduct of its agents, servants, and/or employees under the doctrine of respondent superior.

## COUNT VII PENDENT STATE CAUSE OF ACTION

## FOR MALICIOUS PROSECUTION

66. Plaintiff repeats and re-alleges Paragraphs "1" through "65" which are incorporated herein by reference as though fully set forth below

67. Plaintiff was falsely and maliciously prosecuted by the defendants as a result of the false testimony and evidence provided by Police Officer Weinerman and Police Officer Arias

68. The plaintiff was totally innocent of all charges

69. That on                          , 2006 plaintiff was acquitted of all charges filed against him by the defendants, under docket number               .

70. As a result of this false arrest and illegal imprisonment, the plaintiff, Yimy Soto, suffered the damages aforesaid.

71. Defendants City of New Rochelle and the County of Westchester are responsible for said conduct of its agents, servants, and/or employees under the doctrine of respondent superior.

**WHEREFORE**, the plaintiff, Yimy Soto, requests that this Court:

a. Award compensatory damages to plaintiff against the defendants in the sum of five million dollars ($5,000,000.00), jointly and severally;

b. Award costs of this action to the plaintiff;

c. Award reasonable attorney's fees and costs to the plaintiff on Counts I through IV of the complaint, pursuant to 42 U.S.C. § 1988;

d  Punitive damages in the amount of one million dollars against individual named defendants; and

e. Award such other and further relief as this Court may deem appropriate.

DATED: New York, New York

April 30, 2007

Yours etc.,

Royce Russell, Esq.
Emdin & Russell, LLP.
Attorney for Plaintiff
21 East 40th Street, Suite 2002
New York, NY 10016
(212) 683-3995

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
YIMY SOTO **SUMMONS**

Plaintiff, **CASE NO.**

-against-

THE CITY OF NEW ROCHELLE,
POLICE OFFICER WEINERMAN, SHEILD NO. 9792,
POLICE OFFICER ARIAS, SHIELD NO. 8951,
POLICE OFFICER RIVERA, ALL INDIVIDUALLY AND
AS POLICE OFFICERS, AND PATRICK J. CARROLL, AS
POLICE COMMISSIONER OF NEW ROCHELLE, AND
INDIVIDUALLY AND THE COUNTY OF WESTCHESTER

Defendants.
-------------------------------------------------------------------------X

To the above named defendant:

***YOU ARE HEREBY SUMMONED*** and required to serve upon Plaintiffs Attorney, Royce Russell, 286 Madison Avenue, Ste. 2002, New York, NY 10016 an Answer to the Complaint which is herewith served upon you, within ______________________________ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

______________________________
Clerk

______________________________
Date

______________________________

(By) Deputy Clerk